UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19CV699-GCM

| | | |
|---|---|---|
| **SIA YANG,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **ANDREW SAUL, Commissioner of Social Security,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

 

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I.      Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

1

## II.     Standard of Review

This Court's review of the Commissioner's determination is limited to evaluating whether the findings are supported by substantial evidence and whether the correct law was applied. *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted).  A reviewing court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," this Court will defer to the Commissioner's decision. *Id.* (internal quotation marks omitted).  Thus, the only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

## III.    Discussion

### A.     Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the exhibits contained in the administrative record.  The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence.  The undersigned finds that it is.

2

**B.  Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled.  The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a.    An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b.    An individual who does not have a "severe impairment" will not be found to be disabled;

c.    If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d.    If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.    If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R.  § 404.1520(b)-(f).  In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

**C.  The Administrative Decision**

In rendering his decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 17). At the second step, the ALJ found that Plaintiff suffered from the following severe impairments: migraines, anxiety, depression, and cervical osteoarthritis with radiculopathy. (*Id.*). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.*)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except:

> "[she] cannot have concentrated exposure to noise exceeding a moderate level (as defined by the DOT and SCO), nor can she have concentrated exposure to vibration or hazards such as unprotected heights and open machinery. The claimant is limited to work involving simple, routine, repetitive tasks performed in two hour segments. She may have no contact with the public. She may have frequent contact with supervisors and coworkers, but no requirement of teamwork for task completion. She is limited to work that can be performed at a non-production pace, stable work setting, and no requirement for conflict resolution or crisis management."

(Tr. 19). In making this finding, the ALJ considered all of Plaintiff's symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. § 404.1529 and SSR 96-4p. (*Id.*) The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSR 17-2p. (*Id.*) While the ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, he determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 20).

At the fourth step, the ALJ found that Plaintiff was no longer capable of performing her past relevant work. (Tr. 23). At step five, the ALJ determined that in light of Plaintiff's RFC, age, education, and work experience, and based on testimony from a vocational expert ("VE"), that Plaintiff could perform other unskilled jobs existing in significant numbers in the national economy, such as laundry folder, electronics worker, or shipping receiving weigher. (Tr. 24). Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.*)

4

## D.    Discussion

### 1.    Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error: (1) the ALJ erred by failing to reconcile an apparent conflict between the VE's testimony and the DOT; and (2) the ALJ erred in failing to give deference to Plaintiff's treating clinicians.  Plaintiff's assignments of error will be discussed seriatim.

### 2.    Apparent Conflict between VE testimony and DOT

Citing *Thomas v. Berryhill*, 916 F.3d 140 (4th Cir. 2019), Plaintiff argues that the RFC limitation to simple routine repetitive tasks is inconsistent with the cited jobs, which require a GED reasoning level of two and three. The laundry folder and electronics worker positions require a reasoning level of 2 and the shipping receiver weigher position requires a reasoning level of three. The Fourth Circuit has already settled this question, rejecting Plaintiff's argument in its entirety: there is no apparent conflict between the requirement of Level 2 reasoning and a limitation to simple tasks. *Lawrence v. Saul*, 941 F.3d 140, 141-44 (4th Cir. 2019). In *Lawrence*, the claimant advanced the precise argument as the one Plaintiff makes here, asserting that there was no meaningful distinction between the "instructions" at issue in *Thomas* and the "tasks" at issue in her residual functional capacity. *Id*. at 143. The Fourth Circuit declined to adopt that position, refusing to equate "instructions" and "tasks," and specifically finding that the key difference was the limitation in *Thomas* to "short" instructions. *Id*.; *see also King v. Saul*, No. 19-1556, 2019 WL 6713598, at *1 (4th Cir. Dec. 10, 2019) (concluding "that *Lawrence* is controlling . . . and, thus, there was no apparent conflict between a limitation to performing only simple routine repetitive

5

tasks and a position requiring" reasoning level 2). In reaching its decision in *Lawrence*, the Fourth Circuit noted that its decision accorded with "every other circuit to consider this issue." *Lawrence*, 941 F.3d at 144 n.8 (citing decisions from the Third, Seventh, Ninth, Tenth, and Eleventh Circuits).

Because two of the three jobs cited by the ALJ do not conflict with the RFC limitation to simple, routine, repetitive tasks, substantial evidence supports the ALJ's step five finding.

### 3.      Errors in Evaluating Medical Opinion Evidence

Plaintiff next argues that the ALJ erred in the weight he assigned to Plaintiff's two treating sources, therapist Neisler and nurse practitioner Suddreth. Moreover, Plaintiff contends that the ALJ failed to evaluate the opinion of consultative psychiatrist Steinmuller.

Therapists and nurse practitioners are not acceptable medical sources, 20 C.F.R. §§ 404.1502, 416.902, 404.1513(a), 416.913(a), and it cannot be error for the ALJ to give such an opinion little or even no consideration. An ALJ is to weigh the opinions from sources who are not acceptable medical sources in accordance with the following factors: (1) the examining relationship; (2) the treatment relationship, including (a) the length of the relationship and the frequency of examination as well as (b) the nature and extent of the relationship; (3) supportability; (4) consistency; (5) specialization; and (6) any other relevant factors. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). The ALJ is not required to list each of the regulatory factors for opinion evaluation in the decision. *Davis v. Astrue*, No. 7:10-CV-00231-D, 2012 WL 555782, at \*8 (E.D.N.C. Jan. 5, 2012), *report and recommendation adopted*, No. 7:10-CV-231-D, 2012 WL 555304 (E.D.N.C. Feb. 17, 2012) (citing *Vereen v. Astrue*, No. 5:10–cv–569–FL, 2011 WL 6780788, at \*3 (E.D.N.C. Dec. 27, 2011)).

Ms. Yang asserts that opinions from her therapist and a nurse practitioner were entitled to significant weight as opposed to lesser weight determined by the ALJ. However, an ALJ's determination "as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,'. . . or has failed to give a sufficient reason for the weight afforded a particular opinion." *Dunn v. Colvin*, 607 Fed. App'x 264, 267 (4th Cir. 2015) (internal citations omitted). When arguing that the ALJ was required to adopt these source opinions, Ms. Yang overlooks the ALJ's regulatory duty to weigh the evidence, including evidence from treating, other medical, and non-medical sources, when determining the RFC. The ALJ "need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC assessment." *Jackson v. Comm'r, Soc. Sec.*, No. CCB-13-2086, 2014 WL 1669105, at *2 (D. Md. Apr. 24, 2014). Indeed, the RFC determination is a legal decision rather than a medical one, and the development of a claimant's RFC is solely within the province of the ALJ who considers "all of the relevant medical and other evidence" when making a finding. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also* 20 C.F.R. §§ 404.1527(e), 404.1546, 416.927(e), 416.946.

The Court finds that substantial evidence supports the ALJ's evaluation of these opinions. The ALJ thoroughly discussed the medical and other evidence (Tr. 17-22) prior to evaluating these opinions. When giving partial weight to Ms. Neisler's opinion, the ALJ acknowledged Ms. Neisler's treatment relationship with Ms. Yang and explained that he credited this opinion to the extent it was consistent with and supported by the mental limitations documented in the medical record. *See* C.F.R. §§ 404.1527(c) (3)-(4), 416.927(c) (3)-(4). Importantly, the ALJ assessed Ms.

7

Yang's allegations and explicitly rejected her allegations of debilitating mental symptoms based on Ms. Neisler's treatment notes showing improvement with treatment and the absence of significant abnormalities, despite waxing and waning symptoms in response to situational psychosocial stressors (Tr. 20). Likewise, the ALJ gave lesser weight to Ms. Suddareth's opinion noting that her indication of chronic absenteeism was inconsistent with and unsupported by the evidence of record discussed by the ALJ. (Tr. 22).

Plaintiff complains that the ALJ accorded greater weight to the State agency psychological consultants' opinions (Tr. 21). Unlike many primary care providers or even medical specialists that a claimant may typically visit, state agency physicians are experts in the evaluation of the medical issues in disability claims under the Social Security Act, and the ALJ must consider such expert opinions insofar as they are supported by evidence in the case record. 20 C.F.R. § 404.1527(f) (2007); SSR 96-6P. Inasmuch as the ALJ is engaged in a determination of work disability, the opinions obtained from non-examining medical sources (such as state agency physicians) may be entitled to greater weight than the opinions of treating or examining sources. SSR 96-6p. The opinion of a non-examining physician can, therefore, constitute substantial evidence in support of the ALJ's decision when it is consistent with the record. *Smith v. Schweicker*, 795 F.2d 343, 345-346 (4th Cir. 1986); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984); 20 C.F.R. § 404.1527(d)(3) (2007) (the weight afforded to a medical opinion depends upon the amount of relevant evidence, particularly medical signs and laboratory findings, provided in support of the opinion).

**8**

The ALJ properly evaluated the State agency consultants' opinions pursuant to the regulatory factors and explained that these opinions were generally consistent with and supported by the evidence although the ALJ found that the record warranted further restrictions in understanding, remembering, and applying information; interacting and relating with others; and concentrating, persisting, or maintaining pace. (Tr. 21-22). *See* C.F.R. §§ 404.1527(c) (3)-(4), 416.927(c) (3)-(4); *see also Baldwin v. Colvin*, No. 2:12-cv-76, 2014 WL 3939213, *2 (W.D.N.C. Aug. 12, 2014) ("Under Social Security Administration regulations, the expert opinions of the examining medical sources and state agency reviewing doctors may amount to substantial evidence where they represent a reasonable reading of the relevant medical evidence."). The ALJ's analysis of the evidence supports his finding. (Tr. 17-22).

Lastly, the Plaintiff argues that the ALJ erred by failing to adopt or reject the medical opinion offered by consultative psychiatric examiner, Warren J. Steinmuller, M.D. The ALJ did acknowledge Dr. Steinmuller's findings of "decreased focus, concentration, recall, and memory" during the one-time consultative examination when discussing the longitudinal medical evidence, and the ALJ accounted for these difficulties by including corresponding RFC limitations addressing Ms. Yang abilities to stay on task and adapt to the work environment among other limitations. (Tr. 19). To the extent the ALJ may have erred by failing to explicitly assign weight to Dr. Steinmuller's opinion, any such error is harmless because it would not change the outcome of the ALJ's decision. *See Dover v. Astrue,* No. 1:11CV120, 2012 WL 1416410, *5 (W.D.N.C. March 19, 2012) ("even assuming that the ALJ did err, such error by the ALJ was harmless because the remand would not lead to a different result.").

The Court finds that the ALJ applied the appropriate law and supported specific findings of fact with substantial evidence when evaluating Ms. Yang's symptoms to determine the RFC.

**E.      Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error.  Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence.  *See Richardson v. Perales*, *supra*; *Hays v. Sullivan*, *supra*.  Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**IT IS, THEREFORE, ORDERED** that

(1)      the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2)      the Plaintiff's Motion for Summary Judgment is **DENIED**;

(3)      the Commissioner's Motion for Summary Judgment is **GRANTED**; and

(4)      this action is **DISMISSED**.

Signed: August 19, 2020

Graham C. Mullen
United States District Judge